MAGDEBURG v. DRY DOCK SAVINGS INSTITUTION et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

1. HUSBAND AND WIFE (§ 131\*)—ACTIONS—PRESUMPTIONS AND BURDEN OF PROOF.

Where a husband claimed that a bank deposit made by his wife consisted of his funds which she had wrongfully taken, the presumption of honesty raises the presumption that the wife had lawful possession of the funds, and the burden is on the husband to prove that the money deposited was his, and that he had never parted with it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 471–483; Dec. Dig. § 131.\*]

2. HUSBAND AND WIFE (§ 133\*)—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action by a husband to obtain a deposit made by his deceased wife, evidence *held* insufficient to show that the money belonged to him, and not to the wife.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 133.\*]

3. WITNESSES (§ 159\*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Where a husband claimed that he was entitled to a bank deposit of his wife because the money had been converted by her, he was incompetent, under Code Civ. Proc. § 829, providing that a party cannot testify as to transactions with a decedent, to testify as to when he discovered that she had made the deposit.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 666–669, 671–682; Dec. Dig. § 159.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Friedrich Magdeburg against the Dry Dock Savings Institution and Anna Gramcko, as executrix of Marie Magdeburg, deceased. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

August P. Wagener, for appellant.

Charles E. Travis (George W. Smyth, on the brief), for respondents.

WOODWARD, J. The plaintiff in this action was the husband of Marie Magdeburg, deceased, and this action was originally brought against the Dry Dock Savings Institution to recover $2,896.78 held on deposit by the Savings Institution, and which sum was alleged to have been wrongfully taken from the receipts of the plaintiff's business as a baker during a series of years and converted to the use of the decedent. Anna Gramcko, as administratrix of the last will and testament of Marie Magdeburg, was subsequently brought in as a defendant, claiming title to the deposit, and the amended complaint sets up the same cause of action alleged in the first instance. Upon the trial of the action, which is brought in equity, the learned court found the facts in favor of the defendants, and awarded judgment accordingly. The plaintiff appeals to this court.

[1] The underlying presumption of honesty gives character to the deposit in the name of Marie Magdeburg in the Dry Dock Savings Institution. She is presumed to have been lawfully in possession of the funds deposited from time to time, and the plaintiff must, to be entitled to relief, overcome that presumption. He must produce evidence which not only raises a suspicion against the integrity of his deceased wife, but he must establish, as a fact, that she did not own the money, that the money belonged to him, and that he never parted with the title thereto.

[2] Tried by this test, the evidence utterly fails to establish the cause of action asserted. While it is possible that as to a very small portion of the fund there was evidence from which the inference might be drawn that moneys which plaintiff's wife had taken from the cash drawer of one of plaintiff's bakeries entered into the deposit, there was no evidence whatever that she took this money without permission from her husband, or without his knowledge and acquiescence, and the witness was so contradictory and uncertain in her testimony, and her story is so highly improbable, that no trier of facts would be bound to accept it as being true. As to the great bulk of the fund, there is not the slightest evidence that any part of it ever came into the possession or ownership of the plaintiff in any manner or form. It is true that there is some testimony to the effect that the plaintiff's wife took money from the cash drawer almost daily, but there is also evidence that she had charge of the housekeeping, that she paid the help about the bakery, etc., and there is no evidence that the sums which she took from time to time were in

excess of those which she paid out in conducting the household af-
fairs and in paying the help about the bakery. Neither is there any
evidence that the plaintiff did not pay his wife for her services in
connection with the business, or that he did not give her sums of
money. There was some effort to establish that the plaintiff's wife
had no separate business, and that she did not earn any money of
her own, but this was a mere farce, in so far as there was any tes-
timony at all. It is stated by counsel for plaintiff that it was "proved
positively that the deceased had no separate business, calling or oc-
cupation," and reference is made to folio 107. Turning to this folio,
we find one of plaintiff's saleswomen testifying:

"I have known her from the time she was 10 years old to the time she
died. I never knew her to be engaged in any business."

This same witness on cross-examination says that for nearly 20
years she did not see Mrs. Magdeburg at all, and that there was often
a period of 2 years in which she did not see her, and yet it is claimed
that it is "proved positively that the deceased had no separate busi-
ness, calling, or occupation" upon the testimony of this woman who
had known her since she was 10 years old, and had not seen her for
a period of nearly 20 years at one time, and had several intervals in
which she did not see her for two years. This same witness testified
on cross-examination that the decedent had been married twice before
she married the plaintiff, and that she did not know whether either of
these husbands had left her money, or life insurance, so that the case
is absolutely without evidence to support the cause of action alleged,
and could not have been strengthened if the plaintiff had been per-
mitted to answer the questions relating to the time that he first dis-
covered that his wife had these deposits.

[3] The questions were properly excluded, under section 829 of
the Code of Civil Procedure as construed by the court in Richardson
v. Emmett, 170 N. Y. 412, 417, 63 N. E. 440, and the learned court
at Special Term has properly disposed of the case.

The judgment appealed from should be affirmed, with costs. All
concur.